S. SELIG, Administrator of L. Ahuna *vs.* CHULAN & CO.

ASSUMPSIT. BEFORE JUDD, C.J.

AUGUST, 1886.

A claim paid by a debtor of an intestate, after the intestate's death, to a creditor of the intestate, cannot be set-off against the debtor's own promissory note to the intestate.

DECISION OF JUDD, C.J.

This is an action of assumpsit on a promissory note made by defendants in favor of plaintiff's intestate for $2000, dated the 10th September, 1885, and payable in four months from date. Ahuna died January 7th, 1886, before the note became due, and S. Selig is the duly qualified administrator of his estate. The

making of the note is admitted by defendants, who plead an offset of $1396.50, and tender the balance, $671, in Court.

The plaintiff admitted the correctness of a part of the offset, to wit, the amount of $735.25, being amount of defendant's own claim against the decedent, which was duly presented to the administrator on the 25th March, 1886, and by him allowed. The amount of $623, claimed by defendants to have been paid by them to the firm of Kung Yit Lung & Co. on the 15th March, 1886, is resisted by plaintiff. Defendants say that they made this payment in pursuance of an understanding arrived at in October, 1885, between Ahuna, Kung Yit Lung & Co., and themselves—that Chulan & Co. should pay the bills for merchandise supplied by Kung Yit Lung & Co. to Ahuna up to $1000, and it should be credited on their (defendants') note to Ahuna. This is not evidenced by any writing.

I do not think the set-off of $623 can be allowed. There is no mutuality between the note of defendants to the intestate and the claim of defendants. The intestate never owed this sum of $623 to defendants in his lifetime, for it was paid after his death, and no cause of action existed by defendants against the intestate at his death.

In Waterman on Set-Off, Sec. 197, the author says: "It is obvious that on principle, money paid for an intestate after his decease, upon a contract of suretyship entered into in his behalf during his life, cannot be set-off against a debt due his estate."

The case cited is *Granger's Administrators vs. Granger,* 6 Ohio, 35, and the Court say: "A liability only was incurred, upon which, on the contingency of the security being compelled to pay for the intestate, he would have the right of action for his indemnity. A bare possibility that in a certain contingent event he would have a demand, is not a debt due from the intestate, and such claim has not the mutuality required for a set-off. Such a demand though good against the estate, can only look to the general assets for satisfaction. To allow it to be offset would change the course of distribution of intestate estates."

I think the case at bar is stronger in favor of the view that the offset should not be allowed than the Ohio case, for it is very doubtful if the defendants' engagement to pay Ahuna's debt to Kung Yit Lung & Co. could be enforced, it not being in writing as required by the Statute of Frauds.

By our Statute of Set-Off, the defendant may plead an offset of like kind and denomination, existing in the same right, between him and the plaintiff.

Now, as there was no cause of action or demand existing in favor of defendants against the intestate at the time of his death, it cannot be considered that this set-off claimed existed in the same right between defendants and the plaintiff.

It has been held quite uniformly that a creditor will not be permitted to collect the demands of his deceased debtor and apply the proceeds to the payment of his claim against the debtor's estate. *Woodman's Administrators vs. Barker*, 2 N. H., 479. On the same principle, of a want of mutuality, it is held that if a person contracts a debt with the executor or administrator of a deceased person, and is sued for the same, he cannot set-off a debt due to him from the testator or intestate. See cases cited in Waterman on Set-Off, Sec. 181, note A.

Without enlarging on the cases, I am of opinion that a claim paid by a debtor of an intestate after the death of the intestate to a creditor of the intestate, cannot be set-off against the debtor's own promissory note to the intestate. Certainly, if the intestate's estate is insolvent, it would be gross injustice to the other creditors of the estate to allow this creditor to thus obtain a preference over all the others, and have his claim paid in full.

Judgment for plaintiff for the amount of the note and interest and costs from the day it was due, less the admitted set-off of $735.25.

*S. B. Dole*, for plaintiff.

*R. F. Bickerton*, for defendants.

Honolulu, August 4th, 1886.